UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CRIMINAL ACTION NO. 02-03-DLB-1

UNITED STATES OF AMERICA,                                                        PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT
               AND RECOMMENDATION**

DANIEL E. GRIFFITH,                                                              DEFENDANT.


This matter is before the Court for a hearing pursuant to a Supervised Release Violation Report filed by the United States Probation Office. A hearing was conducted before the undersigned on October 29, 2008, at which the Defendant was present and represented by appointed counsel, Elizabeth Hughes, Esq., and the United States was represented by Assistant United States Attorney Christy Love, Esq. United States Probation Officer Brandon Hall was also present. At the hearing, the Defendant stipulated to the violations contained within the report.

The Court, being fully advised, and after determining the voluntariness and factual basis of the stipulation, makes the following proposed Findings of Fact and Conclusions of Law:


**FINDINGS OF FACT**

(1) On May 17, 2002, the Defendant was convicted of Count 3 of Ashland Indictment 02-CR-3, Transportation of Stolen Vehicles. [R. 19]. He was sentenced to ninety (90) months incarceration by Judge Henry R. Wilhoit, Jr., to be followed by three years of supervised release. [R. 31].

(2) The Defendant began his three-year term of supervised release in April, 2008.

(3) United States Probation Officer Michael Jones documented the following violations in

...

a Supervised Release Violation Report dated October 20, 2008: (1) the Defendant failed to send a monthly report to the probation officer; (2) failed to contact the probation office and appear at scheduled meetings as instructed; (3) failed to notify the probation officer of his change of residence; and (4) failed to continue drug treatment at Transitions, Inc, which was terminated due to his non-compliance with the program. At the hearing on October 29, 2008, the Defendant knowingly and voluntarily made an oral stipulation to the violations contained within the October 20, 2008 report.

## **CONCLUSIONS OF LAW**

The above stipulation and report prove, by a preponderance of the evidence, that the Defendant has violated the following conditions of his supervision:

| | |
|---|---|
| Special Condition No. 2 | The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. |
| Special Condition No. 3 | The defendant shall answer truthfully to all inquiries made by the probation officer and follow the instructions of the probation officer. |
| Special Condition No. 4 | The defendant shall notify the probation officer ten days prior to any change in residence or employment. |
| Special Condition No. 5 | The defendant shall participate in a program of mental health treatment at the direction and discretion of the probation officer, until such time as the defendant is released from the program by the probation officer. |
| Special Condition No. 2 (Modification of Conditions) | The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision. |

According to Guideline §7B1.1(b), the Defendant's most serious violation is a Grade C violation. His criminal history category established at sentencing is a Category IV. Pursuant to Guideline §7B1.3(a)(2) "[u]pon the finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the

2

conditions of supervision."

According to 18 U.S.C. § 3583(e), upon a finding of a violation in the present case, the Court may either revoke the term of supervised release, or may modify the conditions of supervision. Pursuant to Guideline §7B1.4(a), it would appear that, for revocation based on a Grade C violation and a criminal history category of IV, the period of imprisonment would be six (6) to twelve (12) months. The maximum term of imprisonment which can be imposed upon revocation is two years, pursuant to 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

The Defendant was fully informed of his right of allocution, and knowingly waived the right before the United States District Judge, choosing to exercise that right before the undersigned. By way of mitigation, Defense Counsel emphasized that the Defendant did well while living at a half-way house, and, upon release, found an apartment and employment at C.J. Maggie's, a restaurant in Ashland. He completed home incarceration without committing any violations. According to Defense Counsel, the Defendant was an excellent worker at C.J. Maggie's, but was fired due to an anger issue. He subsequently obtained employment at a BP station.

Defense Counsel advised that, due to the Defendant's mother being sick, he was given permission to go to Indiana. While there, he sought admission into the "Jerry Recovery Center," but was denied admission. He subsequently returned to Ashland, where he had difficulty finding employment.[1] The Defendant next moved to Huntington, West Virginia, but still could not find

---

[1] Defense Counsel has informed the Court that the Defendant has a serious back injury which limits his ability to work.

employment. Defense Counsel advised that he lived on the street with no job, no money, no home, and no cell phone service. She also advised that he walked from Huntington, West Virginia to Ashland, Kentucky to surrender to the probation office.

The Defendant has a history of drug use and does not object to drug treatment. He requests admission into a half-way house or home incarceration. The United States advised that it has no objection to the Defendant being sentenced pursuant to the sentencing guidelines, and deferred to the Court on the particular sentence.

### **RECOMMENDATION**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i) The nature and circumstances of the offense. In the instant matter, the Defendant failed to report to the probation office, attend scheduled meetings, notify the probation office of his whereabouts, and complete required drug treatment. These are serious violations.

(ii) The history and characteristics of the Defendant. The Defendant was convicted of transporting stolen vehicles. His conduct which forms the basis of the violations is not of the same nature or severity as the conduct which resulted in his original sentence. The Court notes that the Defendant initially did well while living in a half-way house, and completed home incarceration without committing any violations. Moreover, it appears that at least some of the violations occurred while he was unemployed, homeless, and without money. The Defendant has indicated that he is willing to undergo drug treatment.

(iii) The need for the sentence to reflect the seriousness of the offense, to promote respect

for the law, to provide just punishment for the offense; to afford adequate deterrence to future conduct; to protect the public from further crimes of the Defendant; and to provide correctional treatment for the Defendant in the most effective manner.  The Court cannot ignore the seriousness of the offenses, or the defendant's criminal history, and believes that a sentence as recommended below will serve to achieve all of the concerns expressed herein.

(iv)  In the instant matter, the violation is a Grade C violation.  In light of the Defendant's criminal history category IV, the revocation guidelines call for a range of imprisonment from six (6) to twelve (12) months.

IT IS THEREFORE RECOMMENDED AS FOLLOWS:

(1) That the Defendant's Supervised Release be revoked.

(2) That the Defendant be sentenced to a split sentence of three (3) months incarceration, to be followed by three (3) months in a half-way house in Ashland or Lexington, to be determined by availability, for the purpose of both treatment for any substance issues that may be present, and to allow him to opportunity to integrate into society, for a total period of incarceration of six (6) months.  The undersigned recommends that no supervised release be imposed upon his release from the half-way house.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).   General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's

objections within ten days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

      Signed October 30, 2008    .

